IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CRIMINAL ACTION NO. 5:13-cr-00172

DELBERT LESTER,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

On November 2, 2014, the United States Sentencing Guidelines were amended to reduce the guidelines in Section 2D1.1 by two levels for most drug offenses. (U.S.S.G. Amendment 782, Appx. C). Section 1B1.10 gives retroactive effect to these reductions and sets an effective date of November 1, 2015, for retroactively reduced sentences. The Defendant filed a letter-form *Motion* (Document 43), requesting consideration for the sentence reduction. On August 17, 2015, the Court entered an *Order* (Document 44) appointing the Federal Public Defender to represent the Defendant and directing the parties to respond with their positions respecting application of Amendment 782 to the Defendant's case.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and the addendum to the PSR from the Probation Officer. In addition, the Court has reviewed the responses from the United States (Document 45) and the Defendant (Document 46), submitted pursuant to the Court's *Order* (Document 44).

The Defendant pled guilty to possession with intent to distribute oxycodone on August 7, 2015. The PSR attributed between 1,000 and 3,000 kilograms of marijuana equivalency to the Defendant, which corresponded to a base offense level of 32. He received a two level increase for possessing firearms in connection with his drug offence, and a three-level reduction for acceptance of responsibility, resulting in a total offense level of thirty-one (31). The Defendant has no criminal history points, resulting in a criminal history category of I. His original guideline range was 108 to 135 months. On December 4, 2013, the Court imposed a below-guideline sentence of eighty-four (84) months.

Under the amended United States Sentencing Guidelines, the Defendant's total offense level is twenty-nine (29). The revised guideline imprisonment range is 87 to 108 months. Because the Defendant's original below-guideline sentence is lower than his amended guideline range, he is not eligible for a sentence reduction. In their responses, both parties agreed that no reduction is available to the Defendant.

Having considered the Defendant's original and amended guideline ranges, the original sentencing materials, the addendum to the PSR, and the parties' responses, the Court **ORDERS** that the Defendant's base offense level be reduced by two levels, to thirty (30). After consideration of the two-level firearm enhancement, as well as the three-level decrease for acceptance of responsibility, the Defendant's new total offense level is **twenty-seven (27)**. Given his criminal history category of **I**, his offense level establishes a revised guideline imprisonment range of **87 to 108 months.** The Court **FINDS** that the Defendant is not eligible for a sentence reduction. Accordingly, the Court **ORDERS** that the Defendant's *Motion* (Document 43) be **DENIED** and that his sentence **REMAIN AS ORIGINALLY IMPOSED**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: December 11, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA